**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

MICHAEL F. MILLER,

        Plaintiff,

        v.

CULMAC INVESTORS, INC.; NORMAN T. REMICK; and DIANE REMICK

        Defendants,

Case No. 3:20-cv-00456 (BRM) (DEA)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before the Court is a Motion to Dismiss filed by Defendant Norman Remick ("Mr. Remick") and Defendant Diane Remick ("Mrs. Remick") (collectively the "Remicks") (ECF No. 9-11). Defendant Culmac Investors, Inc. ("Culmac") joined the Motion. (ECF No. 11). The Remicks' motion was returnable on May 4, 2020, with Plaintiff's opposition being due April 20, 2020. Plaintiff, having failed to oppose the motion or participate in a June 3, 2020 conference, was granted an extension to June 26, 2020. To date, Plaintiff has not opposed the Motions. Having review the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Defendants' Motions to Dismiss are **GRANTED**.

**I.    STATEMENT OF FACTS**

    In 2007, Plaintiff failed to pay his taxes on land known as Lot 2 Block 2203 on the Tax Map of Southampton, County of Burlington, New Jersey. (ECF No. 9-11, at 2.) As a result, a tax lien was placed on the property. (*Id.*) On November 14, 2008, a tax sale was held and the lien was

sold to the Remicks at zero (0) percent interest and at a $6,100.00 premium. (*Id.* at 2-3.) Certificate 08-01442 ("2008 Certificate") was issued for the lien. (*Id.*) The tax delinquencies continued into 2009 and after a subsequent tax sale was conducted, the Remicks bid on the 2009 lien and were issued a certificate ("2010 Certificate")(collectively "the Certificates") subject to the statutory interest rate of eighteen (18) percent. (*Id.*) The Remicks sold both certificates to Culmac, and within the same year, Culmac commenced a foreclosure action on the 2008 Certificate. (*Id.* at 3-4). On September 4, 2018, Culmac commenced a foreclosure action on the 2010 Certificate in the Superior Court of New Jersey. (*Id.* at 4). Culmac alleged on July 1, 2010, the 2010 Certificate was sold to the Remicks and assigned to Culmac by assignment dated August 17, 2010. (ECF No. 9-7, at 3-4.)

Plaintiff filed an answer on October 10, 2018. (*Id.* at 4). In Plaintiff's answer, he acknowledged the allegations within the complaint but asserted, as an affirmative defense, the Certificates were procured by means of "bid-rigging." (*Id.*) Plaintiff's allegations relied heavily on Mr. Remick pleading guilty to a violation of the "Sherman Act" in connection with conspiracy to purchase tax liens with limited competition between the years of 2007 and 2009. (ECF No. 9-9, at 1.) The Superior Court struck the answer after Plaintiff was unable to present proof demonstrating Culmac's involvement in Mr. Remick's alleged scheme or any knowledge the certificates were obtained through such a scheme. (ECF No. 9-7, at 5.) Subsequently, Plaintiff redeemed before the court ordered deadline and the foreclosure action was dismissed. (*Id.*) On January 14, 2020, Plaintiff filed a complaint pro se, alleging the Defendants violated the Sherman Anti-Trust Act[1] by collaborating in an attempt to rig the bidding of the 2010 Certificate (ECF No. 1, at 4.)

---

[1] 15 U.S.C. §§ 1-38 (the "Sherman Act")

Defendants argued the complaint is barred by the statute of limitations and fails to state a claim upon which relief can be granted. (ECF No. 9-11, at 1.)

## II.     LEGAL STANDARD

### A.     Motions to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the

elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557). A complaint should not be dismissed without analysis of whether the complaint "failed to state a claim upon which relief can be granted." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). A motion to dismiss a complaint should not ordinarily be granted "solely because it has not been opposed." *Id.*

### B. Statute of Limitations

"Generally, a cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business*." Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971). The Third Circuit permits defendants to raise statute of limitation defenses in Rule 12(b)(6) motions "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Pursuant to 15 U.S.C. §15(b), claims under the Sherman Act are barred "unless commenced within four years after the cause of action accrued." Pursuant to 15 U.S.C. §16(i), the statute of limitations is suspended during the pendency of government proceedings alleging violations of the Sherman Act and for "one year thereafter." The burden of overcoming a statute of limitations defense rests on the Plaintiff. *In re Mercedes Benz Antitrust Litigation*, 157 F.Supp.2d 355, 368 (D.N.J. 2001).

### III. DECISION

#### A. Plaintiff's Complaint Is Dismissed for Failing to State a Claim on Which Relief Be Granted

Generally, the Third Circuit has held dismissal of a complaint is improper when it is done without analysis of whether the complaint "failed to state a claim upon which relief can be granted." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). This holds especially true in the case of pro se litigants. Plaintiff asserts the bidding process by which the Certificates were sold was "rigged." In support of his contention, Plaintiff alleges the purchaser of the 2008

Certificate, Mr. Remick, previously pled guilty to a violation of the "Sherman Act" in connection with conspiracy to purchase tax liens with limited competition. Plaintiff asserts Defendants "communicated and collaborated" and had a prior agreement to defraud him. Other than broad allegations of Mr. Remick's past misconduct and Defendants' collective dealings, Plaintiff does not assert any facts to support his conclusion the tax sale certificates in this matter were obtained in a bid-rigging scheme. Similarly, Plaintiff does not provide support for his conclusion that Culmac was aware of Mr. Remick's alleged scheme to defraud Plaintiff through the rigged bidding process. While "detailed factual allegations" are not necessary for a complaint to survive a motion to dismiss, "an unadorned, the defendant-harmed-me accusation" is not sufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555, 557). Absent additional facts tending to prove Defendants' misconduct during the tax sales of Plaintiff's property, the complaint does not sufficiently provide the grounds for Plaintiff's entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### B.     Plaintiff's Complaint is Barred By the Statue of Limitations

Pursuant to 15 U.S.C. §15(b), claims under the Sherman Act must be brought within four (4) years of the alleged antitrust violation. Pursuant to 15 U.S.C. §16(i), the statute of limitations is suspended during the pendency of government proceedings alleging violations of the Sherman Act and for "one year thereafter." The parties do not dispute the alleged misconduct took place between the years of 2008 and 2010. The parties also concede Mr. Remick pled guilty to rigging bids during public auctions for the sale of tax liens between those years. Because ten years have elapsed since the conduct alleged in the complaint would have occurred, Plaintiff's claim is time-barred because it was not filed within four years of the alleged antitrust violation as proscribed by

the statute. Although Mr. Remick did have criminal proceedings initiated against him in connection with an antitrust violation, he pled guilty to the offense in April 2013. Pursuant to 15 U.S.C. §16(i), the statute of limitations was suspended for an additional year and would have expired in 2014. While suspension of the limitations is applicable under these facts, Plaintiff's claims asserted in the complaint are time barred because they fall outside the statutory window. Accordingly, Defendants' Motions to Dismiss are **GRANTED.**

### IV.     CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**. An accompanying Order will follow.

Date: December 31, 2020                    */s/Brian R. Martinotti*  
                                           **HON. BRIAN R. MARTINOTTI**  
                                           **UNITED STATES DISTRICT JUDGE**